## No. 394.

### J. M. JONES v. M. M. GRADY, Tax Collector.  B. L. SIMS v. the same. (Consolidated.)

When the ordinance of the police jury which is complained of in this case was passed, the revenue law of 1871 was in force, even if such authorization was necessary. The tax imposed by the ordinance was authorized by that law, and having been levied under it, it can not be held that the action of the police jury was illegal.

Police juries are not restricted in their action in regard to licenses exacted by them for the right of selling liquor and retailing spirituous liquors to the amount exacted by the State for the same.

Section 2778 Revised Statutes, means that whenever the police jury deems it necessary that the sense of the people should be taken as to the propriety of permitting grog shops to be licensed, a vote may be ordered. But when this shall be deemed necessary, is a matter entirely within the discretion of the police jury.

APPEAL from the Parish Court, parish of Ouachita. *Caldwell, J.* *W. J. Q. Baker* and *R. G. Cobb,* for plaintiffs and appellees. *A. S. Slack,* parish attorney and district attorney *pro tempore,* for defendant and appellant.

MORGAN, J. These cases are consolidated. They present the same questions for determination. Plaintiffs injoined the tax collector from selling their property which had been seized in order to compel the payment of two hundred dollars license exacted from them by a parish ordinance for the right of selling liquor and retailing spirituous liquors. They contend that the tax which is sought to be collected from them is illegal, unconstitutional, oppressive and void, because—

*First*—That the police jury had no authority to levy any tax or license when they attempted so to do, and that their action was illegal.

*Second*—That the police juries are restricted in their action to the amount exacted by the State.

*Third*—That the State had not acted at all when the ordinance in question was passed.

*Fourth*—That the amount levied by the police jury exceeds the amount exacted by the State.

MONROE, JULY, 1873.     587

Jones v. Grady, Tax Collector.   Sims v. the same.

*Fifth*—That no license can be levied by the police jury or State until the vote of the people is taken on the subject and their consent obtained, and that the vote of the people has never been taken.

*Sixth*—That the tax is unconstitutional in not being equal and uniform on all the occupations taxed, and especially is it not uniform in relation to retailers of spirituous liquors, keepers of grog shops, bar rooms, etc.

I. When the ordinance of the police jury, which is complained of, was passed the revenue act of 1871 was in force.   The tax was authorized, even if such authorization was necessary, by that law, and having been levied under it, it can not be held that the action of the jury was illegal.

II. Police juries have the right to regulate the police of shops where liquors are retailed, and to impose such tax as they may see fit on grog shops, etc. (R. S. 2745, § 6.)  Their power is exclusive to make such laws and regulations for the sale, or for prohibiting the sale, of intoxicating liquors as they may deem advisable. (R. S. 2778.)  And it is made the duty of the police jury to adopt such regulations as may be necessary for the purpose of carrying out this law. (R. S. 2780.)  It follows, therefore, that the police jury was not restricted in their action to the amount of that exacted by the State.

III. This objection is answered by what we have said in relation to the first.

IV. Section 2778, Revised Statutes, provides that police juries shall have the right to grant or withhold licenses from drinking houses and shops within the limits of any city, ward of a parish, or town, as the majority of the legal voters of any city or ward may determine by ballot, and the said ballot shall be taken whenever deemed necessary by the police juries.   But we do not understand that this means, as seems to be contended by the appellees, that before a license is issued by a police jury to a person to keep a grog shop, a vote of the citizens of the ward in which a shop is proposed to be opened, should be taken.   We understand it simply to mean that whenever the police jury deems it necessary that the sense of the people should be taken as to the propriety of permitting grog shops to be licensed, a vote may be ordered.   But when this shall be deemed necessary is a matter entirely within the discretion of the police jury.

V. We fail to discover where the inequality in the amounts required for the licenses to carry on the particular business in which plaintiffs are engaged lies.   Every person carrying on the same business is charged the same sum for the privilege of doing so, and this places them all upon an equality.

In conclusion we fail to see any good reason why these injunctions should have issued, and we think they should be dissolved, with the damages claimed.

It is therefore ordered, adjudged and decreed that the judgments in both these consolidated cases be avoided, annulled and reversed, and it is further ordered, adjudged and decreed that the injunctions issued in both cases be dissolved with twenty per cent. damages and thirty dollars counsel fees in each case.   Appellees to pay the costs in both courts.